UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/05

------------------------------------------------------------x
OTTAVIO LAVAGGI, Individually and on behalf
of all others similarly situated,

                     Plaintiff,

   - against -

THE REPUBLIC OF ARGENTINA,

                     Defendant.
------------------------------------------------------------x

04 Civ. 5068 (TPG)

**OPINION**

Plaintiff Ottavio Lavaggi brings this putative class action against defendant The Republic of Argentina seeking to recover unpaid interest and principal on multiple series of bonds issued by the Republic. The Republic moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff opposes the motion.

The Republic's motion is granted in part and denied in part.

FACTS

Plaintiff putatively represents a class of persons who, since December 23, 2001, have continued to own certain bonds issued by the Republic. The bonds at issue here are 27 series of bonds issued by the Republic. The series are denominated in various currencies – seven are

denominated in U.S. Dollars, seven are denominated in Euros, nine are denominated in German Deutsche Marks, and one each is denominated in Japanese Yen, Italian Lira, British Pounds, and Swiss Francs. The series were issued under different prospectuses and offering documents.

Plaintiff's complaint does not specify which bonds he owns. Indeed, the amended complaint merely states that plaintiff "owns bonds issued by the Republic of Argentina." However, in his memorandum opposing the instant motion, plaintiff asserts that he owns the following bonds:

> (1) a 12.125% U.S. Dollar bond due February 25, 2019 (the "U.S. Bond");
>
> (2) a 10% British Pound bond due June 25, 2007 (the "British Bond");
>
> (3) a 3.5% Japanese Yen bond due November 8, 2009 (the "Japanese Bond");
>
> (4) a 11.75% German (Euro) bond due May 28, 2026 (the "Euro Bond"); and
>
> (5) a 7% Swiss Franc bond due December 4, 2003 (the "Swiss Bond").

Plaintiff does not own any bonds from the 22 other series which he purports to include in this class action.

The U.S. Bond was issued under the 1994 Fiscal Agency Agreement ("1994 FAA"). Section 22 of the 1994 FAA states that the Republic

waives sovereign immunity and consents to jurisdiction in any state or federal court in the Borough of Manhattan in the City of New York. The British Bond and the Japanese Bond were issued as part of the Republic's European Medium-Term Note Programme. In the Trust Deed dated July 27, 1993, which set out the terms and conditions for bonds issued as part of that Programme, the Republic expressly agreed to submit to the jurisdiction of any state or federal court in the Borough of Manhattan in the City of New York.

Plaintiff's description of the Euro Bond as a "German (Euro)" bond has caused the Republic to question the identity of that bond. The Republic claims that the bond is in fact a 11.75% German Deutsche Mark bond due on November 13, 2026 bearing International Securities Identification Number ("ISIN") DE0001348100. However, the Court finds that plaintiff is referring to a 11.75% Euro bond due on May 28, 2026 bearing ISIN US04011NAQ16. The Court makes this finding based on the denomination, the interest rate, and the date on which the bond become due. The current record does not contain any details about the Euro Bond's prospectus. However, plaintiff concedes that the Republic did not explicitly waive immunity or consent to jurisdiction in the United States for claims involving the Euro Bond.

The Swiss Bond was issued pursuant to a Prospectus dated November 25, 1998. Page 2 of the Prospectus is titled "Sales Restrictions and

Investment Considerations", and states that

> Each Syndicate Bank represents and agrees that it has not offered or sold, and will not offer or sell, any Bonds constituting part of its allotment within the United States except in accordance with Rule 903 of Regulation S under the Securities Act and neither it nor any of its affiliates or any persons acting on its behalf have engaged or will engage in any directed selling efforts in the United States with respect to the Bonds.

The Prospectus also states that "the Bonds and the Coupons shall be subject to and governed by Swiss Law." As to jurisdiction, the Prospectus states that the Republic submits to the "non-exclusive jurisdiction of the above mentioned Swiss courts and any Federal court sitting in the City of Buenos Aires."

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. Since then, the Republic has not made any payments of principal or interest on any of the bonds at issue here.

On June 28, 2004 plaintiff brought this putative class action for recovery of unpaid interest and principal. The complaint alleges three causes of action on behalf of the putative class. First, the complaint alleges a breach of contract premised on the Republic's failure to pay interest and principal on the bonds. Second, it alleges that the Republic breached an implied covenant of good faith and fair dealing when it failed to pay interest and principal on the

4

bonds. Third, it alleges that the Republic was unjustly enriched by its failure to pay interest and principal. The complaint seeks punitive damages as part of the second and third causes of action.

## DISCUSSION

In deciding a motion to dismiss for lack of subject-matter jurisdiction, the Court may consider materials outside the complaint. The party invoking the Court's authority bears the burden of establishing, by a preponderance of the evidence, the existence of subject matter jurisdiction. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). It is also black-letter law that standing is an essential element of subject matter jurisdiction.

In order to have standing to assert a claim on behalf of a class, the proposed class representative must allege that he has been personally injured, not that injury has been suffered by other unidentified members of the class which he purports to represent. Warth v. Seldin, 422 U.S. 490, 502 (1975). Plaintiff does not allege and cannot show that he suffered any damages with respect to the bonds that he does not own. Therefore, plaintiff lacks standing to assert claims regarding those bonds on behalf of a class. The purported class claims regarding the 22 series of bonds which plaintiff does not own are dismissed because plaintiff lacks standing to bring those claims on behalf of a class.

As for the bonds that plaintiff does own, the Foreign Sovereign Immunities Act (the "FSIA") provides the sole source of subject matter jurisdiction over a foreign state. 28 U.S.C. § 1604. Under the FSIA, a foreign state is presumptively immune from the jurisdiction of United States courts unless a specified exception applies. <u>Drexel Burnham Lambert Group Inc. v. Comm. of Receivers for A.W. Galadari</u>, 12 F.3d 317, 325 (2d Cir. 1993). One of the specified exceptions is waiver. 28 U.S.C. § 1605(a)(1). The Republic concedes that it has explicitly waived sovereign immunity as to the U.S. Bond, the British Bond, and the Japanese Bond. Therefore, the Court has subject matter jurisdiction over the claims regarding those bonds.

The Republic has not explicitly waived its immunity for claims involving the Euro Bond or the Swiss Bond. Instead, plaintiff argues that a second exception - the "commercial activity" exception - applies. As stated in 28 U.S.C. § 1605(a)(2), the "commercial activity" exception provides that a foreign state will not be immune from suit in any case

> in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

Plaintiff argues that the commercial activity exception is satisfied by the "very act of raising capital by introducing negotiable promissory notes in the United States - indeed, the very presence of highly-transferable notes in the United States." As to the first part of plaintiff's argument, it is true that the sale of such notes by a foreign state directly to investors in the United States would fall within the commercial activity exception. However, there is no allegation or evidence that the Republic or its agents sold even a single Euro Bond or Swiss Bond in the United States. Indeed, the language of the Prospectus of the Swiss Bond strictly prohibits such sales. As for plaintiff's second claim, that the "very presence of highly-transferable notes in the United States" is sufficient to invoke the commercial activity exception, the court need only note the presence of a secondary market for "highly-transferable" notes. Although trading on a secondary market is likely to result in the transfer of such bonds to investors in the United States, such secondary transfers between investors are clearly not "commercial activity" of the Republic. Therefore, the Court finds that it does not have subject matter jurisdiction over the claims regarding the Euro Bond and the Swiss Bond.

Plaintiff concedes that the claims of breach of the implied covenant of good faith and fair dealing, of unjust enrichment, and for punitive damages should be dismissed.

## CONCLUSION

The Republic's motion is granted in part and denied in part. The claims regarding the 22 bond series which plaintiff does not own are dismissed because plaintiff lacks standing to represent a class. The claims regarding the Euro Bond and the Swiss Bond are dismissed for lack of subject matter jurisdiction. The claims of breach of the implied covenant of good faith and fair dealing, of unjust enrichment, and for punitive damages are dismissed on consent.

The Republic's motion is denied as the breach of contract claims regarding the U.S. Bond, the British Bond, the Japanese Bond.

SO ORDERED.

Dated:	New York, New York
	August 23, 2005

_____
THOMAS P. GRIESA
U.S.D.J