UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

OTTAVIO LAVAGGI,

                Plaintiff,

      - against -

THE REPUBLIC OF ARGENTINA,

                Defendant.

------------------------------------------x

04 Civ. 5068 (TPG)

**OPINION**

Plaintiff seeks leave to amend the complaint in this case. Defendant opposes the motion on the grounds that plaintiff engaged in undue delay and that the amendment would be futile. The motion is granted.

## Background

Plaintiff brings this case against the Republic of Argentina to recover unpaid payments on bonds issued by the Republic. Plaintiff filed the case on June 28, 2004, and then amended the complaint on September 22, 2004. At a conference on October 4, 2007, the court dismissed the case on the ground that the plaintiff, Ottavio Lavaggi, did not own the bonds in question. At that conference, counsel represented that the bonds were owned by a company formed for Lavaggi's sole benefit, Altavista Limited. The court therefore suggested that the case be re-filed on behalf of Altavista, noting that this would

cure "the only flaw in the picture." This ruling was embodied in an order dated March 10, 2008, granting defendant's motion for summary judgment.

Rather than following the court's instruction to re-file the case on behalf of Altavista, however, plaintiff sought leave on November 21, 2007, to file a second amended complaint. Plaintiff informed the court that on September 21, 2007, Altavista had transferred ownership of the bonds to Lavaggi, apparently for reasons unrelated to the litigation. Breckenridge Decl. ¶¶ 6, 8. Plaintiff's counsel did not learn about the transfer until after the October 4 conference. Id. ¶ 5.

The proposed second amended complaint would revise the definition of the proposed class and provide details about the transfer of the bonds from Altavista to Lavaggi. It would also eliminate references to certain bonds and to certain causes of action that were dismissed by the court on August 25, 2005.

Defendant opposes the motion on the grounds of undue delay and futility. Defendant also requests certain discovery relief in the event the motion is granted. Because plaintiff appears to have consented to defendant's discovery requests in his reply brief, however, the discovery issue is not addressed here.

## Discussion

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely" given "when justice so requires." However, certain factors, including undue delay or futility of amendment, can justify denying leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962).

Undue Delay

A party's "extended and undue delay" in seeking to amend a pleading can justify denying leave to amend. Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); see also Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995) (holding that where there was no showing of bad faith or prejudice, the district court properly allowed defendant to amend its answer over four years after it was filed). Thus, courts have allowed amendments even where several years have elapsed between the original and amended filings. See Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citing cases).

Plaintiff here has provided a satisfactory explanation for the delay in seeking amendment—the fact that the relevant transfer of ownership did not occur until September 2007. Once that transfer occurred, plaintiff moved promptly to amend the complaint. The facts do not show that Lavaggi or Altavista acted in bad faith, and defendant does not claim that it would suffer undue prejudice if the court allows the amendment. Indeed, given that the court authorized plaintiff to refile this case with Altavista as the plaintiff, defendant will be in the same position if the court grants leave to amend as it would have been if plaintiff had strictly complied with the prior order. In the

absence of bad faith or undue prejudice, the delay in transferring ownership from Altavista to Lavaggi does not justify denying leave to amend.

Futility

An amendment may be denied as futile when it "would be subject to immediate dismissal." Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999). Defendant asserts that the amendment would be futile because plaintiff lacked standing when he filed the complaint, which created an incurable jurisdictional defect.

Defendant does not contend that Lavaggi lacked constitutional standing to bring this claim, and given that Altavista was allegedly created for Lavaggi's sole benefit, it appears likely that the constitutional requirements of standing were met at the time that the complaint was filed. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (requiring a showing of injury, traceability, and redressability to satisfy the standing requirements of Article III).

Defendant's challenge instead implicates the prudential requirement of standing doctrine that a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). Unlike a deficiency in constitutional standing, a failure to satisfy the prudential requirements of standing can be cured after the complaint is filed. See Fed. R. Civ. P. 17(a)(3) (providing for the joinder of a real party in interest after a complaint is filed); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106

F.3d 11, 18-21 (2d Cir. 1997) (permitting an amendment to add plaintiffs in order to cure a defect of prudential standing). The transfer of ownership from Altavista to Lavaggi therefore properly cured this defect in standing, and the amended complaint would not be subject to immediate dismissal.

Rule 60

Plaintiff did not request that the order dismissing the case be vacated. However, under Second Circuit precedent, a "party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). "While normally such relief is sought by motion of a party, nothing forbids the court to grant such relief sua sponte." Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir. 2001) (citing Fed. R. Civ. P. 60(b)).

Given that the judgment was based on a mistake as to the ownership of the bonds at the time of the decision, Rule 60(b)(1) offers sufficient basis to vacate the judgment. See, e.g., In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003) (holding that Rule 60(b)(1) allows a court to vacate a judgment based on mistakes of fact or law).

## Conclusion

The court's prior order dismissing the complaint is vacated, and plaintiff is granted leave to amend the complaint.

Dated: New York, New York
September 30, 2008

SO ORDERED

*[signature]*

Thomas P. Griesa
U.S.D.J.